[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1666

YEMI ONAYEMI,

Plaintiff, Appellant,

v.

MED MANAGEMENT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya, Stahl and Lynch,
Circuit Judges.

Yemi Onayemi on Motion for Reactivation/Reconsideration pro
se.

October 13, 1998

Per Curiam. We grant appellant's motion to reinstate
this appeal. However, the appeal is limited to the district
court's denial of appellant's motion for examination of special
issues since this is the only order as to which the May 26,
1998 notice of appeal (the sole notice of appeal in the record)
is timely. Because the appeal of this order does not present
a substantial question, we dispose of it now.
As this motion essentially sought further discovery,
we treat it as one filed under Fed. R. Civ. P. 56(f). To be
entitled to Rule 56(f) relief, a party "must (1) articulate a
plausible basis for the belief that discoverable materials
exist which would raise a trialworthy issue and (2) demonstrate
good cause for failure to have conducted discovery earlier." 
Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995)
(internal quotation marks and citation omitted). The district
court's denial of such a motion is reviewed for abuse of
discretion. Public Serv. Co. of New Hampshire v. Hudson Light
& Power Dep't, 938 F.2d 338, 346 (1st Cir. 1991).
It is plain that appellant has not met the second
requirement in this case. That is, he failed to provide anyexplanation in the motion as to why he waited over two months
after the district court had entered summary judgment to
request further discovery. We find, as a result, that the
district court did not abuse its discretion in denying the
motion.

-2-
The judgment of the district court is summarily
affirmed. See Local Rule 27.1.